UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMAL SNEED,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:24-CV-00586-MMD-CLB<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL, DENYING WITH LEAVE TO REFILE MOTION FOR PRELIMINARY INJUNCTION, AND STAYING CASE PENDING APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 6, 40] |

Before the Court is Plaintiff Jamal Sneed's ("Sneed") motion for appointment of counsel. (ECF No. 40.) For the reasons discussed below, the motion for appointment of counsel is granted.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Sneed is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"). Sneed submitted several civil rights complaints under 42 U.S.C. § 1983, with his second amended complaint being operative in this case. (ECF No. 8.)

The District Court screened Sneed's SAC and allowed him to proceed on two Eighth Amendment deliberate indifference to serious medical needs claims. (*See* ECF Nos. 8, 9.) The first claim is based on allegations that Sneed provided Defendant Nurse Sam over 40 important medical documents outlining his medical conditions and needs, but Nurse Sam failed to enter the documents in Sneed's medical records, which contributed to the failure to provide him adequate medical treatment for his depression. The lack of medical treatment led to Sneed attempting suicide. (*Id*.) The second claim is based on allegations that after Sneed's suicide attempt, he received psychotropic medication in the hospital. This medication caused his auditory hallucinations to stop. Once the auditory hallucinations stopped, Sneed was no longer suicidal. However, after Sneed returned to prison, he learned that he was going to be taken off the medication.

Sneed filed kites requesting to continue the medication, but Defendants Nurse Practitioner Ted and Dr. John Doe 2 each denied his requests. Sneed also informed Defendants Warden Henley and Director of Medical John Doe 3 that he would again be a danger to himself if he did not receive the medication. Although each of these Defendants had the authority to intervene to ensure that Sneed received the psychotropic medication, neither of them did so. (*Id.*)

Sneed also filed a motion for preliminary injunction. (ECF No. 6.) In his motion, Sneed alleges that without the psychotropic medication, he becomes suicidal and compulsively eats metal objects. (*Id.*) On February 20, 2025, the Court held a telephonic motion hearing regarding Sneed's motion for preliminary injunction. (ECF No. 23.) Ultimately, the Court continued the hearing. (ECF No. 29.) On March 4, 2025, the Court held the continued telephonic motion hearing and set an in-person evidentiary hearing on the motion for April 18, 2025. (ECF No. 37.) Thereafter, Sneed filed the instant motion for appointment of counsel. (ECF No. 40.)

## II.     LEGAL STANDARD

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The

difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

### III.   DISCUSSION

Sneed's motion for appointment of counsel states he is unable to articulate his claims due to his auditory hallucinations and suicidal ideations, which are the basis of his claims. (ECF No. 40.) Sneed states that he has been placed in segregation, which makes it difficult for him to access the law library or litigate his case. (*Id.*) Sneed argues that an expert is necessary for his case due to the medical nature of his claims. (*Id.*)

Based on the record, pleadings, and present motion, the Court finds that Sneed has a likelihood of success on the merits of his claims and given Sneed's documented mental health conditions, he has a diminished ability to articulate his claims *pro se* considering the complexity of the legal issues involved—such as the need for expert witnesses. In particular, it appears that Sneed will need an expert appointed to adequately address Defendants' assertion regarding the medical necessity of the psychotropic medication at issue. Given Sneed's custodial status and mental health issues, it would be nearly impossible for him to retain such an expert on his own.

Accordingly, the Court finds that exceptional circumstances exist in this instance, which warrant appointment of counsel. The Court therefore, grants Sneed's motion for appointment of counsel, (ECF No. 40). This is case is referred to the Pro Bono Program m adopted in the Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Sneed. By referring this case to the Program, the Court is not expressing an opinion on the merits of the case.

Additionally, considering the appointment of counsel, the Court will deny with leave to refile Sneed's motion for preliminary injunction, (ECF No. 6), and vacate the evidentiary

hearing currently set for April 18, 2025. Finally, the case will be stayed until pro bono counsel has been appointed.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Sneed's motion for appointment of counsel, (ECF No. 40), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** this order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that Sneed's motion for preliminary injunction, (ECF No. 6), is **DENIED with leave to refile** upon appointment of counsel.

**IT IS FURTHER ORDERED** that the evidentiary hearing set for Friday, April 18, 2025 at 9:00 am is **VACATED**.

**IT IS FURTHER ORDERED** that this case shall be **STAYED** until pro bono counsel is appointed.

**IT IS SO ORDERED.**

**DATED**: March 12, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**