UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMAL SNEED,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:24-CV-00586-MMD-CLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>[ECF No. 62] |

Before the Court is Plaintiff Jamal Sneed's ("Sneed") motion for leave to file an amended complaint. (ECF No. 62.) No opposition was filed. For the reasons stated below, the Court grants Sneed's motion to amend.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This lawsuit involves a civil rights action that was originally filed *pro se* by Sneed. (ECF No. 1-1.) Thereafter, on March 12, 2025, the Court granted Sneed's motion for appointment of counsel and referred the case to the Court's Pro Bono program for the appointment of an attorney. (ECF No. 43.) Thereafter, attorney Andre Lagomarsino accepted the appointment and made his appearance in this case. (ECF Nos. 44, 47.)

Thereafter, on December 12, 2025, Sneed filed a motion for leave to file an amended complaint. (ECF No. 62.) Sneed seeks to file a Third Amended Complaint ("TAC") to clarify and streamline the previously filed *pro se* complaint, to remove defendants that were previously dismissed, and to omit previously dismissed causes of action. (*Id.*) No opposition to the motion was filed.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider

various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

**III.    DISCUSSION**

Sneed timely moves to amend his complaint. (*See* ECF No. 61.) No opposition to the motion was filed and the time to file an opposition has passed.

The Court finds that the motion to amend should be granted, as the above factors discussed in *Desertrain* weigh in Sneed's favor. First, rather than bad faith, the record demonstrates that Sneed is acting in good faith to amend his complaint to clarify the previously filed *pro se* complaint and dismiss defendants and claims that were previously

dismissed. Second, the scheduling order allowed the parties to file amended pleadings and to add parties until December 14, 2025. (*Id.* at 5.) Therefore, the Court finds that Sneed did not delay in seeking amendment.

Third, Defendants are not prejudiced by the amendment, as it merely seeks to clarify the facts and dismiss defendants and claims previously dismissed. Thus, the Court does not find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Amendment is not futile as no new claims are alleged.

In sum, the above *Desertrain* factors each weigh in Sneed's favor, and, therefore, the Court concludes that amendment is proper. Additionally, pursuant to LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion.

### IV.   CONCLUSION

**IT IS ORDERED** that Sneed's motion to amend, (ECF No. 62), is **GRANTED**.

**IT IS FURTHER ORDERED** that Sneed shall file his Third Amended Complaint within seven (7) days of the date of this order.

DATED: January 5, 2026.

**UNITED STATES MAGISTRATE JUDGE**